CHARLES A. PROBST, Landlord, *v.* MARGARET DONLAN, Tenant.

City Court of the City of Albany, August 21, 1950.

*James F. Dalton* for landlord.

*Carson B. Leonard* for tenant.

*Nathaniel L. Goldstein, Attorney-General (Abe Wagman* of counsel), for State Rent Administrator.

HERZOG, J. There is only one question at issue here. Briefly stated it is: " Where a landlord received a rent increase from the Federal Housing Expediter, dated after March 1, 1950, but with a retroactive provision that made it effective on or before that date, is the maximum legal rent under the State rent control statute the increased rent or the rent that was actually in effect on March 1, 1950? "

It was stated on the argument that there are thousands of cases similar to the one at issue here and a definitive decision as to the effectiveness of retroactive rent increases is necessary. The answer to this question depends upon the meaning of the following language contained in the Residential Rent Law (L. 1946, ch. 274, § 4, subd. 1, cl. [a], as amd. by L. 1950, ch. 250, § 1): " the commission shall establish maximum rents for housing accommodations which shall be the same as *those prescribed on*

*March first, nineteen hundred fifty,* pursuant to the federal housing and rent act of nineteen hundred forty-seven, as amended * * *.'' (Italics supplied.)

The language is simple. Therefore, the solution should be equally clear. The difficulty is that the law, in its infinite wisdom, has taken upon itself the development of the study of semantics — that is, '' the science of meanings '' of words and more particularly, significant meanings. This study has been carried on by the law with its usual diligence and research until now there are hundreds of volumes of dictionaries and other legal tomes defining the meanings of words and phrases. Whether the development of this as a science has been of benefit to mankind is not our province to determine, but one would be blind to reality if he did not recognize the fact that many of the misunderstandings that reach the courts are caused by a difference in the interpretation of the meaning of words.

The Legislature has said that the rent shall be that '' prescribed on March first.'' Even the Court of Appeals, in considering this section, has used such phrases as: '' The increased rent is greater than that which was *payable* on March 1.'' And, again, '' froze at the *March 1, 1949, levels* residential rents * * *.'' (Note that this reference is to New York City.) Also, '' rents * * * are rolled back to the March 1, 1949, levels.'' (*Teeval Co.* v. *Stern,* 301 N. Y. 346, 359, 360.) (Italics supplied.) These various phrases might possibly cause some confusion. However, in the proper determination of this question, I should not be drawn into strained or finely drawn arguments. The words '' prescribed on '' are too simple and have too common a meaning to the average person. They mean those rents which were actually established or laid down *on* that date — not *for* that date. Under this interpretation it must be held that the rents prescribed are those that were in effect on March 1st and not the retroactive increases given at a later date. Those increases were prescribed at some date in March or April, not on March 1st. I reach this conclusion without disregarding *Wasservogel* v. *Meyerowitz* (300 N. Y. 125) where the Court of Appeals upheld the validity of such increases, and said (p. 132): '' Among the administrative regulations is this one authorizing the housing administrators, when a petition for increase is not granted till long after filing, to allow an increase as of the filing date, that is, *the date as to which the new maximum rent is determined.*'' (Italics mine.) The question presented here, however, was not raised at that time.

Thus, upon this summary proceeding the landlord may recover the increased rent for the months of March and April. Thereafter, the tenant is bound to pay only the lower rent. There is no dispute as to these figures and the tenant has agreed to pay whatever rent is fixed by this court. Therefore, final order is granted in favor of the tenant, conditioned upon payment of rent in accordance with this decision.